IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LARRY PAM,**<br><br>Petitioner,<br><br>v.<br><br>**ANDRE MATEVOUSIAN, Warden,**<br><br>Respondent. | Case No. 1:15-cv-01494 -MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE TO THE PRESENT MATTER** |

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus under 28 U.S.C. § 2241.

Petitioner filed the instant habeas petition in this Court on October 2, 2015. He is currently incarcerated at United States Penitentiary, Atwater in Atwater, California. On September 20, 2011, Petitioner plead guilty to being a felon in possession of a firearm and ammunition. See United States v. Pam, D.N.M., Case No. 1:11-cr-00882, ECF No. 30. Petitioner was sentenced to a term of fifteen (15) years imprisonment. (See Pet. at 1.)

Despite several prior attempts to challenge his convictions, Petitioner now claims that he is entitled to relief based on the recent Supreme Court decision in Johnson v. United States, 135 S. Ct. 2551 (2015). (See generally Pet., ECF No. 1 at 1-7.) Petitioner

argues that Johnson holds that the imposition of an enhanced sentence under the residual clause of the Armed Career Criminal Act ("ACCA") violates due process because the clause is too vague to provide adequate notice. Id. at 2557. In Petitioner's case, the court of conviction found that two New Mexico convictions for shooting at or from a motor vehicle qualified as crimes of violence under the residual clause of the ACCA. (See Pet.)

I. **SCREENING THE PETITION**

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), AEDPA applies to it. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice of pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule

1 8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

## II. JURISDICTION

A federal court may not entertain an action over which it has no jurisdiction. A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). In such cases, only the sentencing court has jurisdiction. Id. at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."); Tripati, 843 F.2d at 1162.

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Hernandez, 204 F.3d at 865. Petitioner seeks review of his conviction and sentence under § 2241, arguing that recent Supreme Court authority directly impacts the determination and calculation of his sentence. (See Pet. at 1-7.) Because Petitioner is challenging the validity and constitutionality of his federal sentence imposed by a federal court, rather than an error in the administration of his sentence, § 2255's exclusive remedy rule bars the present petition, unless the savings clause applies.

### A. Application of The Savings Clause

The Ninth Circuit has recognized a narrow exception allowing a federal prisoner authorized to seek relief under § 2255 to seek relief under § 2241 if the remedy by motion under § 2255 is "inadequate or ineffective to test the validity of his detention." Alaimalo v. United States, 636 F.3d 1092, 1096 (9th Cir. 2011), citing Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008). "This is called the 'savings clause' or 'escape hatch' of § 2255." Id. Furthermore, § 2255 petitions are rarely found to be inadequate or

ineffective. Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir. 1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

The Ninth Circuit further held that relief pursuant to § 2241 is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim. Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003); Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006). Accordingly, a petitioner must prove both actual innocence and lack of unobstructed procedural opportunity to demonstrate that a remedy under § 2255 is inadequate or ineffective. Ivy, 328 F.3d at 1057. As discussed in more detail below, Petitioner fails to meet either of these requirements.

B.  Retroactive Application

Petitioner argues that Johnson affords him an argument previously unavailable, rendering his § 2255 remedy "inadequate or ineffective."

Since Johnson was decided by the Supreme Court on June 26, 2015, two circuit courts have addressed whether Johnson should be applied retroactively. They arrived at differing results. See Price v. United States, 795 F.3d 731 (7th Cir. 2015) (Johnson decision, holding that imposition of enhanced sentence under residual clause of ACCA violates due process, announced new rule of constitutional law and is thus categorically retroactive to cases on collateral review); but see In re Rivero, 2015 U.S. App. LEXIS 14202, 2015 WL 4747749 (11th Cir. 2015) (While Johnson announced new rule of constitutional law, the rule in Johnson is not retroactive to Career Offender challenges on collateral review). However, no court in Petitioner's district of conviction or district of confinement has addressed the issue of retroactivity of Johnson. Retroactivity therefore remains an open question as of the issuance of this order.

C. <u>Actual Innocence</u>

Petitioner's attempt to seek redress by way of a petition for writ of habeas corpus under § 2241 is fatally flawed based on his failure to argue or otherwise show that he is actually innocent of the crime of conviction.

The first condition for applying the § 2255 savings clause is to make a showing of "actual innocence." In the Ninth Circuit, a claim of actual innocence for purposes of the § 2255 savings clause is tested by the standard articulated by the United States Supreme Court in <u>Bousley v. United States</u>, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998). In <u>Bousley</u>, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." <u>Bousley</u>, 523 U.S. at 623. Petitioner bears the burden of proof on this issue by a preponderance of the evidence. He must not only show that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him. <u>Lorentsen v. Hood</u>, 223 F.3d 950, 954 (9th Cir. 2000). "[S]uch a claim requires petitioner to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." <u>Schlup v. Delo</u>, 513 U.S. 298, 324, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995).

As to establishing an actual innocence claim, Petitioner faces an obstacle - the Ninth Circuit has never extended to savings clause to a § 2241 petitioner who challenges only the enhancement of his sentence:

> We have not yet resolved the question whether a petitioner may ever be actually innocent of a noncapital sentence for the purpose of qualifying for the escape hatch. It is clear, however, that Petitioner's claim that two of his prior offenses should no longer be considered "related," and that he was therefore incorrectly treated as a career offender, is a purely legal claim that has nothing to do with factual innocence. Accordingly, it is not a cognizable claim of "actual innocence" for the purposes of qualifying to bring a § 2241 petition under the escape hatch.
>
> Our sister circuits are in accord that petitioner generally cannot assert a cognizable claim of actual innocence of a noncapital sentencing enhancement.

Marrero v. Ives, 682 F.3d 1190, 1193 (9th Cir. 2012).

Here, Petitioner challenges the calculation of his fifteen year sentence, and contends that he should have been eligible for a maximum sentence of ten years. (Pet.) Because Petitioner asserts a sentencing claim, and because the savings clause of § 2255 extends only to petitioners asserting claims of actual innocence regarding their convictions, not their sentences, Petitioner has not set forth a valid actual innocence claim that is cognizable under § 2241. His § 2241 petition must be dismissed.

To the extent that Petitioner contends that Johnson announces a new substantive rule of constitutional law that applies retroactively to final convictions or sentences which are being challenged through collateral means, he is not without a remedy: he can pursue his challenge in the United States District Court for the District of New Mexico, which imposed his sentence, through the mechanism of a successive § 2255 motion. To proceed in that manner, Petitioner must first seek and obtain permission from the Tenth Circuit Court of Appeals to file a successive § 2255 motion. If the Tenth Circuit interprets Johnson as a new substantive rule of constitutional law that applies retroactively to cases which have become final, Petitioner can bring his retroactive Johnson sentencing challenge in the New Mexico district court where he was originally sentenced.[1]

Petitioner has not demonstrated that he is actually innocent of the offenses for which he was convicted. Because Petitioner is not entitled to relief under § 2241, it is recommended that his habeas petition be denied and this proceeding dismissed for lack of jurisdiction.

---

[1] For a second or successive motion under 28 U.S.C. § 2255 to be considered by a district court, a panel of the appropriate court of appeals must first certify that the motion contains either "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); see also 28 U.S.C. § 2244. On this requirement, "[A] new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." Tyler v. Cain, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L. Ed. 2d 632 (2001).

### III. CONCLUSION AND RECOMMENDATION

Therefore it is RECOMMENDED that the petition for writ of habeas corpus be DISMISSED for lack of jurisdiction. Further, the Court ORDERS the Clerk of Court to assign a District Court Judge to the present matter.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: October 6, 2015    /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE